

U.S. Department of Justice

United States Attorney
Eastern District of New York

PGS
F. #2021R01080

610 Federal Plaza
Central Islip, New York 11722

January 31, 2025

By Hand and ECF

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. David Alberto Orantez-Gonzalez
                 Criminal Docket No. 21-635 (S-1) (JMA)

Dear Judge Azrack:

        The government respectfully submits this letter in connection with the sentencing of defendant David Alberto Orantez-Gonzalez, also known as "Carlos Rodriguez Gonzalez" and "Casper" (hereinafter "Orantez-Gonzalez" or the "defendant"), a member of the violent transnational criminal organization La Mara Salvatrucha (the "MS-13"), presently scheduled for sentencing on February 10, 2025, before Your Honor.

        According to the Probation Department, the defendant's total offense level is 22, and he should be sentenced within Criminal History Category I, which yields an advisory Guidelines sentence of 41 to 51 months' imprisonment.  Addendum to the PSR ¶ 83.  While Probation's Guidelines calculation differs slightly from the estimate set forth in the plea agreement, upon further review, the government concurs with Probation's determination of the sentencing range.  Additionally, the plea agreement contains a provision for a 1-point global plea reduction, which the government will recommend the Court adopt at sentencing (see Plea Agreement at ¶ 3).  Should the Court apply the global plea reduction, the advisory Guidelines range will be 37 to 46 months.  The defendant submitted a sentencing memorandum on January 9, 2025, which seeks a time served sentence.  For the reasons set forth herein, after considering the factors set forth in 18 U.S.C. § 3553(a), in particular the seriousness of the offense conduct and that it was committed in furtherance of the defendant's membership in the brutal MS-13 gang, the government respectfully requests that the Court sentence the defendant at the high-end of the Guidelines.

<u>Background</u>

I.    <u>The Offense Conduct</u>

The defendant's arrest and conviction stem from an ongoing investigation by the Government and the United States Department of Homeland Security, Homeland Security Investigations ("HSI") Violent Gang Task Force (the "Task Force") into acts of violence committed by members and associates of the MS-13 operating in various towns across Queens and Long Island.

A.    <u>The MS-13 and the Sureños Clique (PSR ¶¶ 3-7, 12)</u>

The MS-13 is an international criminal organization whose reach extends from Central America into communities across the United States, including to chapters, or "cliques," on Long Island and in Queens, in the Eastern District of New York. The MS-13 is a hierarchical organization, and the leaders of the local cliques communicate with leaders of the MS-13 in other states and in Central America. There are numerous cliques operating on Long Island, including in the towns of Hempstead, Freeport, Huntington, Roosevelt, Brentwood and Central Islip; as well as in certain areas of Queens, including Jamaica and Far Rockaway.

The MS-13's principal purpose of existence is to control the communities where they operate by committing extreme acts of violence and murder that terrorize the people who live there. MS-13 members are expected to follow the rules of the gang, most significantly of which are actively seeking out rival gang members to kill and never cooperating with law enforcement. MS-13 members who cooperate with law enforcement are given a "green light" by gang leaders, which is authorization for their murder. MS-13 members in the United States provide money, including the proceeds of illegal drug sales, to leaders in El Salvador. Cliques also use their drug profits to fund their criminal activities by purchasing firearms, ammunition, other weapons and more narcotics to sell.

The defendant is a self-admitted member of the Sureños Locos Salvatruchas ("SLS") clique of the MS-13, operating in Far Rockaway, Amityville, Cedarhurst, and Inwood. Due to an increased prosecution of MS-13 members on Long Island, a number of gang members, including SLS members, relocated to Rhode Island and Massachusetts for the purpose of creating cliques in those areas that are loyal to Long Island cliques.

As set forth herein, the defendant willfully participated in illegal activities on behalf of the SLS clique of the MS-13, including an armed carjacking in Massachusetts and participating in a years-long conspiracy to distribute marijuana, the proceeds of which were used to fund clique's violent mission.

B. <u>The Defendant's Criminal Conduct (PSR ¶¶ 8-11)</u>

On October 7, 2020, the defendant and fellow MS-13 members Onan Garcia-Lopez and Carlos Torres-Alfaro were in New Bedford, Massachusetts when they observed a 2017 Honda Accord park in front of an apartment building to let a passenger out. The MS-13 members who were standing close by agreed to steal the car and began walking towards the vehicle. One of the gang members who was armed with a knife approached the driver, forced him out of the car, and got into the driver's seat. The defendant and the other MS-13 member then ran towards the victim, chasing him away, before quickly removing the car's license plates, getting into the back seat of the car and fleeing the scene. Shortly thereafter, officers from the New Bedford Police Department who were patrolling the area looking the Honda, which had been reported stolen, observed a vehicle matching its description and attempted to conduct a traffic stop. The driver of the car refused to pull over, resulting in an extremely dangerous high-speed pursuit of the MS-13 members. The car chase ended when the stolen car crashed into a barrier. All of the occupants, including the defendant, ran from the car and were, for a short time, able to evade capture by police. However, Torres-Alfaro was apprehended soon after by a neighboring police department and the defendant and Garcia-Lopez were arrested the following day in New Bedford.

Additionally, from approximately January 2019 through February 2022, in order to finance the illegal operations of the SLS clique, the defendant and his fellow MS-13 members and associates sold marijuana in Queens and Nassau counties, which they obtained from clique leaders. After the sales, the profits were turned over to the clique leaders, for use in, <u>inter alia</u>, purchasing firearms for use by clique members, wiring money to MS-13 leaders in El Salvador, and buying additional narcotics for further distribution.

II. <u>The Defendant's Federal Case</u>

On February 9, 2022, a grand jury sitting in this district returned a superseding indictment in the instant matter charging the defendant with racketeering conspiracy, narcotics distribution conspiracy, and the unlawful use and possession of firearms. The defendant was arrested and taken into federal custody on March 21, 2022.

On March 5, 2024, the defendant pleaded guilty before U.S. Magistrate Judge Anne Y. Shields, pursuant to the terms of a plea agreement with the Government, to Count One of the superseding indictment, which, as noted above, charged him with racketeering conspiracy from approximately 2019 through February 2022, in violation of 18 U.S.C. §§ 1962(d) and 1963. PSR ¶ 1. The defendant's plea was accepted by this Court by order dated March 7, 2024. ECF Dkt. No. 195.

Discussion

    A.    Applicable Law

The Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Although Booker held that the Guidelines are no longer mandatory, it also held that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court has explained, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range;" that "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007). See also, Kimbrough v. United States, 552 U.S. 85, 101, 108 (2007).

After that calculation, a sentencing court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, see id. § 3553(a)(2); "the kinds of sentences available," id. § 3553(a)(3); the Guidelines range itself, see id. § 3553(a)(4); any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

    B.    The Defendant Should be Sentenced High-End of the Advisory Guidelines Range

In light of the sentencing factors set forth above, the Government respectfully submits that the Court should impose a sentence at the high-end of the Guidelines range, which reflects the seriousness of the offense, the need for both general and specific deterrence, and the need to provide just punishment for violent gang-related crimes.

As an initial matter, with respect to § 3553(a)(1), it is self-evident that the defendant pleaded guilty to serious crimes, a violent carjacking and the selling of narcotics to fund the gang's criminal activities. First, the random act of violence committed by the defendant in Massachusetts demonstrates the MS-13's penchant for attacking and terrorizing unsuspecting, innocent victims. Indeed, the offense conduct is even more serious because it

was committed in furtherance of the MS-13 racketeering enterprise. Thankfully, the victim in this case was not harmed – an extremely fortunate outcome for those unlucky enough to come into contact with the MS-13. Accordingly, a significant sentence is necessary to address the seriousness of the offense conduct. Second, the defendant was a loyal and committed MS-13 member as evidenced by his longtime association with the gang and direct involvement in the drug dealing that was so vital to funding the gang's illegal operations. Thus, the government respectfully submits that, although the defendant did not have a criminal record before the instant offense, he committed these crimes as a member of the MS-13 and in furtherance of its violent mission, which is related to his nature and characteristics and further supports a significant sentence.

In sum, the "nature and circumstances of the offense" and the "history and characteristics" of the defendant warrant a sentence at the high-end of the advisory Guidelines range, pursuant to § 3553(a)(1).

Moreover, as this Court is well aware, Long Island has been plagued by gang violence over the past two decades; especially the depraved violence perpetrated by members and associates of the MS-13. This district has seen countless MS-13 cases, wherein dozens of MS-13 members and associates have been prosecuted for violent crimes, including more than 50 murders. A sentence at the high-end of the Guidelines range would send a strong message that violent conduct such as that engaged in by this defendant and his fellow MS-13 members and associates will not be tolerated and will be met with severe consequences.

Conclusion

Nothing in the defendant's background justifies or explains his devotion to the MS-13 and his willingness to commit crimes to further the gang's mission. For the reasons set forth above, the Government respectfully submits that the § 3553(a) factors warrant a significant sentence here – specifically, one that will deter this defendant and other MS-13 members and associates from engaging in violence and dealing drugs, promote respect for the laws of this country, and protect the public from further crimes of this defendant. Therefore,

5

the Government respectfully requests that this Court should sentence the defendant at the high-end of the Guidelines range of 37 to 46 months.

Respectfully submitted,

JOHN J. DURHAM<br>
United States Attorney<br>
Eastern District of New York

By:   /s/ _____
Justina L. Geraci
Paul G. Scotti
Megan E. Farrell
Assistant U.S. Attorneys
(631) 715-7900

cc:   Jeffrey Pittell, Esq. (by ECF and E-mail)
      USPO Gregory Giblin (by E-mail)
      Clerk of the Court (JMA) (by ECF)